PEOPLE, PLAINTIFF AND APPELLEE, v. MARXUACH, DEFENDANT AND APPELLANT.

APPEAL from the District Court of San Juan in a Prosecution for Violation of the Sanitation Law.

No. 1581.—Decided June 13, 1921.

PUBLIC HEALTH—CESSPOOL—NOTICE.—In order that a prosecution may be brought against the owner of a house or building for allowing the cesspool on his property to become full and overflow, it is not indispensable, under section 16 of Sanitation Regulations No. 14, that previous notice be given to the owner.

The facts are stated in the opinion.

Mr. M. M. Ginorio for the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of the court.

A charge was made against the appellant, Jorge Marxuach, in the Municipal Court of San Juan on September 19, 1919, that, being the owner or manager of a house on Ribot Street, of the Municipal Judicial District of San Juan, he unlawfully, maliciously and knowingly allowed the cesspool

thereof to become completely full and overflow. The District Court of San Juan, Section 2, in which the case was tried *de novo*, found the defendant guilty of the offense charged and sentenced him to a fine of $3, or to one day's imprisonment for each dollar not paid, with the costs. That judgment of January 22, 1920, has been appealed from to this court.

In the record brought up there is a statement of the case from which it appears that the only evidence for the prose cution was the testimony of Francisco Padín, a sanitation inspector who made the complaint, and Juan Pujols, the former testifying that on the property of defendant Jorge Marxuach was a cesspool which was full and overflowing, to which fact he called the attention of the tenants; but that he did not notify Marxuach and did not know whether any notice was given to him from the office. Pujols testified that he accompanied Padín on his visit of inspection and on Marxuach's property there was a cesspool which was full and overflowing; but Marxuach did not live there and was not there; that he gave no notice to Marxuach, although he thinks that he was notified by the tenants of the property.

The defendant offered no evidence and his attorney moved for his acquittal under section 31 of Act No. 81 of March 14, 1912, to Reorganize the Sanitation Service, and sections 1 and 21 of Sanitary Regulations No. 14.

The act complained of comes under section 16 of Sanitary Regulations No. 14, which reads as follows:

"The owner or agent of any house or edifice must have drains and cesspools cleaned before they get too full and overflow. He shall also see that said drains and cesspools are treated with quicklime, calcium chloride, creoline, or any other disinfectant, when the Service of Sanitation shall, for any special reason, so require it. He shall also see that any deficiencies in the construction of water-closets, latrines, drains, or cesspools which may be the cause of troublesome emanations be corrected."

Section 31 of Sanitation Act No. 81, invoked by the appellant, reads as follows:

"That in the event of the failure of the owner, agent or tenant of any property where a public nuisance exists to remove. or abate the same within a reasonable time after the proper notification to perform the work has been served, the sanitary authorities are hereby empowered to remove or abate the nuisance at the expense of said owner, agent or tenant, and the party in interest shall be given due notice of the expenses thereby incurred, and shall reimburse the health authorities therefor. * * * This action shall not, however, relieve any such owner, agent or tenant from liability for the violation of the provisions of the sanitary regulations. * * * "

Sections 1 and 21 of Sanitary Regulations No. 14, also cited as applicable, read as follows:

"Section 1.—All houses, edifices, and outhouses are subject to sanitary inspection by the Service of Sanitation in accordance with the provisions set forth in section 30 of the Law of Sanitation now in force, and the owners, lessees, and tenants of same are under obligation to carry out the sanitary ·repairs or alterations which may be ordered in each case, and also to the (*sic*) limit the number of inhabitants in proportion to the air space of each room."

"Section 21.—When upon inspection by the Service of Sanitation, as referred to in section 1 of these Rules and Regulations, any house or edifice or part of the same shall for any reason be found to be unhealthy, the Director of Sanitation shall inform the owner or agent of the said house to this effect in writing, and shall fix a period of time within which the work of ·repairs or improvements must be finished, said limit of time to be fixed according to the importance of the work to be done. If at the expiration of the said period the work shall not have been completed, the Director of Sanitation may declare said house or edifice or part of same to be uninhabitable, and may order its closure within a period of not less than 30 days, and it shall be kept closed until the work is completed."

As will be seen, section 21 of Sanitary Regulations No. 14 refers solely and exclusively to notice by the Director of Sanitation to the owner of a house, edifice or part thereof

that from an inspection the same is found to be unsanitary in order that the necessary repairs or improvements may be required to be made within the time fixed; and section 31 of the Sanitation Act prescribes also that notice shall be given to the owner, agent or tenant of a property where there is a public nuisance, to abate the nuisance within a reasonable time, empowering the sanitary authorities to abate it at the expense of the owner, agent or tenant. But this action, as section 31 expressly provides, shall not relieve any such owner, agent or tenant from liability for the violation of the provisions of the Sanitary Regulations.

That liability, as established by section 16 of said Sanitary Regulations No. 14, is imposed upon appellant Jorge Marxuach who, as the owner of the house in question, has openly incurred it by failing to comply with his obligation to evacuate the cesspool on his property before it became full and overflowed. It was the appellant's duty to comply with that obligation in the interest of public health, without any notice from the Sanitation Department.

The judgment appealed from must be

*Affirmed.*

Justices Wolf, Del Toro, Aldrey and Hutchison concurred.